**SIERRA CLUB and Friends of the Earth, Inc., Plaintiffs,**

v.

**Gale A. NORTON, Secretary, Department of the Interior, et al. Defendants,**

**and**

**Fort Morgan Paradise Joint Venture, et al., Defendants/Intervenors.**

**No. CIV.A. 02–258–CBC.**

United States District Court, S.D. Alabama, Southern Division.

June 19, 2002.

Carrie Esther Boykin, Nathalie M. Walker, New Orleans, LA, Daniel A. Hannan, Franklin & Stein, P.C., Mobile, AL, for Plaintiffs.

Patricia Nicole Beyer, U.S. Attorney's Office, Mobile, AL, Barclay T. Samford, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Defendants.

Sid J. Trant, Andrew Robert Greene, Bradley Arant Rose & White, LLP, Birmingham, AL, David A. Bagwell, Fairhope, AL, Murray Dov Feldman, Holland & Hart LLP, Boise, ID, Caine O'Rear, III, Hand Arendall, L.L.C., Mobile, AL, Edwin S. Schwartz, Tucker, GA, Richard A. Horder, Kilpatrick Stockton, LLP, Atlanta, GA, for Movants.

## *PRELIMINARY INJUNCTION*

BUTLER, Chief Judge.

Pursuant to a separate order this day entered, IT IS HEREBY ORDERED that the Intervenors, Gulf Highlands LLC and Fort Morgan Paradise Joint Venture, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby ENJOINED, pending amendment of this injunction or entry of a final judgment on the merits, from any further "take" of the Alabama beach mouse and any further destruction of its habitat, whether the same is deemed 'occupied' or 'available,' pursuant to the incidental take permits issued by the U.S. Fish and Wildlife Service on or about April 19, 2002, for developments known as Gulf Highlands Condominiums and Beach Club West, on the Fort Morgan Peninsula of Baldwin County, Alabama.

Notwithstanding the foregoing, intervenors may, by agreed or contested motion to this court, seek leave to continue construction activities for a reasonable time for the purpose of preservation of construction already begun or completed, and/or rendering the project site safe for third persons who may hereafter be present on the project site.

This injunction shall become effective upon the posting of bond with the Clerk of this court in the nominal amount of One Thousand dollars ($1,000.00). The court determines that nominal bond is appropriate in this instance on the grounds that the injunction to enforce the requirements of a federal environmental statute is in the public interest, and on the further grounds that requiring plaintiffs Sierra Club and Friends of the Earth, Inc. to post bond in an amount sufficient to cover the potential losses to intervenors would effectively bar plaintiffs-two non-profit public interest organizations-from obtaining meaningful judicial review or appropriate relief. See *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency,* 766 F.2d 1319, 1325 (9th Cir.1985).